---

In re CARY.

(Supreme Court, Appellate Division, Fourth Department. February 3, 1899.)

1. TAXATION—SUMMARY PROCEEDINGS—TIME OF COMMENCEMENT.

Under Laws 1880, c. 275, § 7, providing that an owner may redeem from a tax sale within two years from sale, and that "notice shall be given by the purchaser of any real estate sold for taxes * * * to the occupant, owner in fee * * * at least three months before the expiration of the time for redemption * * *, and the time for such redemption shall not be deemed to have expired until three months after such notice shall have been given," and section 6, authorizing summary proceedings by the purchaser for possession after the time for redemption has expired and such notice has been given, without redemption, summary proceedings before giving such notice are premature.

2. SAME—PETITION.

Petition in summary proceedings should, if petitioner seeks to proceed as purchaser at tax sale, state facts authorizing the proceeding under Laws 1880, c. 275; or if he seeks to proceed on a lease made by him after becoming purchaser, so that the conventional relation of landlord and tenant exists, he should state facts indicating such relation.

Appeal from municipal court of Buffalo.

Application of Thomas Cary for removal of Fred W. Navagh and Samuel B. Hard from certain premises in Buffalo. From an order for possession, said Navagh and Hard appeal. Reversed.

Summary proceedings to recover possession of real property were instituted in the municipal court of Buffalo on the petition of Thomas Cary. September 7, 1894, a final order was granted. October 11, 1894, an appeal was taken from said order to the superior court of Buffalo by Fred W. Navagh and Samuel B. Hard, which order awarded to Thomas Cary the possession of the premises described in the petition, "by virtue of the title conveyed by the tax deed executed according to law by the officers of the city of Buffalo, * * * and that such deed is conclusive upon the court in these proceedings, and that said respondent Fred W. Navagh holds over and continues in possession of said premises without the permission of said petitioner, Thomas Cary. It is further ordered that the possession of said premises be delivered to said petitioner, that a warrant be issued to put him in possession of said premises, and that he recover against said Fred W. Navagh the sum of three and $75/100$ dollars for the costs of this proceeding." The order was signed by Charles W. Hinson, judge of the municipal court of Buffalo. When the superior court was abolished, the appeal was transferred to this court. Samuel B. Hard owned premises for many years in the First ward of Buffalo, and he leased them to Fred W. Navagh, who was in actual possession thereof when the taxes were assessed which are mentioned in this proceeding. The city levied certain taxes for the year 1885,—General tax, $180.40; local assessment roll of May 10, 1884, No. 15,332, $5; local assessment roll No. 15,347, for the year 1884, $.67; local assessment roll No. 15,649, for the year 1884,

$10.10. The tax and assessments were not paid, and on April 29, 1886, the city of Buffalo sold the lands described in said tax and assessment rolls to Thomas Cary for the amount of the tax and assessments, with addition of interest, and the comptroller gave a certificate to Cary. The land was not redeemed from said sale, and on the 27th of June, 1888, the city, by its comptroller, executed and delivered to Cary a conveyance in which it purported to convey the lands so owned by Hard and occupied by Navagh, which deed contained the following description: "Parcel of land in the First ward of the city of Buffalo, to wit, part of outer lot 38, one hundred and thirty-one (131) feet front, to Buffalo river deep, on the easterly side of the City Ship Canal, commencing five hundred feet and forty-seven one hundredths (500 $^{47}/_{100}$) feet northerly from Peck Slip." The petition contained a similar description. The petition stated that the petitioner was the owner in fee and entitled to possession of the lands so described; "that said premises were conveyed to your petitioner by deed from the city of Buffalo, which deed is dated June 27, 1888, pursuant to an act of the legislature of the state of New York * * * passed May 12, 1880, and the acts amendatory thereof; * * * that said Fred W. Navagh is the occupant of such real estate and in possession of said premises, and holds over and continues in possession of said premises after the expiration of his term without permission of his landlord, your petitioner." No other facts were stated in the petition.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

George Wadsworth, for appellants.
Worthington C. Miner, for respondent.

HARDIN, P. J. Navagh answered in writing, and set up that he was rightfully in possession as tenant of Hard, and had been for more than six years. He denied that he held over after the expiration of his term, and he denied that the petitioner "is the landlord of said premises, or any part thereof." He alleged that no notice to redeem said premises was ever served on him, and he denied that the petitioner is the owner in fee or entitled to possession of said premises. He alleged that no notice to redeem said premises was ever served on Hard. He averred that the description in the rolls, advertisement of sale, certificate of sale, and in the deed is insufficient and defective. On June 5th the counsel moved to dismiss the proceedings for the insufficiency of the petition. That motion was denied. On July 2d, on application of Navagh and Hard, the latter was allowed to file an answer. This was allowed under section 2244 of the Code of Civil Procedure, which provides that any person in possession, or claiming possession, may file an answer "denying generally the allegations, or specifically any material allegation of the petition, or setting forth a statement of any new matter constituting a legal or equitable defence, or counterclaim. Such defence or counterclaim may be set up and established in like manner as though the claim for rent in such proceeding was the subject of an action." Under the answer thus allowed, the defendant gave evidence showing that no notice to redeem had been given to Navagh or to Hard according to the provisions of the tax law passed in 1880 for the city of Buffalo. The seventh section of chapter 275 of the Laws of 1880 provides that an owner may redeem from a tax sale at any time within two years after the date of such sale. It further provides:

"Notice shall be given by the purchaser of any real estate sold for taxes under the provisions of this act to the occupant, owner in fee * * * at least three months before the expiration of the time for redemption fixed by this act, and the time for such redemption shall not be deemed to have expired until three months after such notice shall have been given."

The section provides how the notice shall be given, and, among other things, that if any of the parties do not reside in the city, or have a place of business in the city, "then such notice shall be deposited, postage paid, in the post office, addressed to them at the post office at or nearest to their known place of residence." No such service was made upon Hard, the owner. Nor was any notice served upon Navagh, the tenant. The sixth section of the act of 1880 authorizes proceedings to be taken to obtain summary possession of premises by the purchaser or his heirs or assigns "at any time after the time limited in the seventh section of this act for the redemption of such premises shall have expired, and the notice therein provided for been given, and said premises shall not have been redeemed as therein provided, and not before, obtain actual possession of the premises by an action at law, or by causing the occupant of such real estate to be removed therefrom, and the possession thereof to be delivered to him in the same manner and by the same proceedings by and before the same officers as in the case of a tenant holding over after the expiration of his term without permission of his landlord." These proceedings were prematurely instituted.

2. The petition is barren of facts. It does not state facts sufficient to confer jurisdiction upon the officer to whom it was presented. If the petitioner sought to proceed as purchaser, he should have stated facts which would authorize the proceedings to be taken under chapter 275 of the Laws of 1880. If he sought to proceed upon a lease or letting to the tenant after the petitioner had become the owner under his deed, so that the conventional relation of landlord and tenant existed, he should have set out the facts which would indicate that such a relation existed.

3. The description in the petition and in the deed taken by the petitioner is vague and indefinite, and proof was given tending to show that it was entirely inadequate to describe the property owned by Hard and occupied by Navagh. The proceedings should be reversed.

Final order of the municipal court of Buffalo reversed, with costs. All concur.